UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEON D. COLVIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:25-cv-03418 (UNA) |
| ) | |
| ANNA BLACKBURNE RIGSBY, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION

This matter is before the Court on its review of Plaintiff's *pro se* Amended Complaint ("Am. Compl."), ECF No. 4, and his Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court **GRANTS** Plaintiff's IFP Application, and for the reasons explained below, it **DISMISSES** this case without prejudice.

Plaintiff sues the multiple judges from the D.C. Court of Appeals. *See* Am. Compl. at 1–2, 4. He challenges the appellate judges' denial of his petition for writ of mandamus, *see id.* at 5–23; *see In Re Deon D. Colvin*, No. 25-OA-0024 (D.C. Ct. App. filed Sept. 5, 2025),[1] at Order Denying Petition as Moot (filed Sept. 25, 2025); *see id.* at Order Denying Petition for Hearing en banc (filed Nov. 19, 2025), in which he asked the D.C. Court of Appeals to stay the proceedings in his case below and recuse the presiding judge, *see* Am. Compl. at 5–23; *see also Deon Colvin v. 743 Fairmont Street NW, LLC*, No. 2024-CAB-007438 (D.C. Super. Ct. filed Nov. 25, 2024). He takes issue with the basis for Defendants' determination, alleges that their determination was untimely, and he broadly alleges that the denial of relief was discriminatory and violated his constitutional rights, without explaining how or why, beyond his mere disagreement with the

---

[1] A court may take judicial notice of the docket and facts on the public record in other court proceedings. *See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

decision. *See* Am. Compl. at 5–23. He demands damages and an injunction voiding the orders of the D.C. Court of Appeals. *See id.* at 9, 12, 14, 17–18, 20, 22–24.

First, Plaintiff has failed to establish subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Federal courts are generally prohibited from reviewing determinations made by local District of Columbia courts, including the D.C. Court of Appeals. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). The *Rooker-Feldman* abstention doctrine "bars lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court." *Feldman*, 460 U.S. at 486. Insofar as Plaintiff seeks review of the propriety of the decisions made by the D.C. Court of Appeals, such is the province of the U.S. Supreme Court.

Second, Defendants are immune from suit. Judges are absolutely immune from suits for money damages for "all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991) (acknowledging that a long line of Supreme Court precedents have found that a "judge is immune from a suit for money damages"); *Caldwell v. Kagan*, 865 F. Supp. 2d 35, 42 (D.D.C. 2012) ("Judges have absolute immunity for any actions taken in a judicial or quasi-judicial capacity."). And "a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *see also Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice."). Because the

actions alleged by Plaintiff were plainly taken in the Defendants' official capacities, they are absolutely immune from suit.

Accordingly, the case is **DISMISSED** without prejudice. Plaintiff's Motion for Extension of Time to Serve Complaint, ECF No. 5, is **DENIED** as moot. A separate Order accompanies this Memorandum Opinion.

Date: December 23, 2025

/s/_____
ANA C. REYES
United States District Judge